**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**John Hillward FRUGE, Defendant-Appellant.**

**No. 73–4024**

**Summary Calendar.[*]**

United States Court of Appeals, Fifth Circuit.

April 19, 1974.

---

[*] Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

[*] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Vernon McMannus, Eunice, La. (court-appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Found guilty by a jury, adjudged guilty and committed to confinement in the Attorney-General's custody for a period of 40 months,[1] John Hillward Fruge appeals from his conviction under a one count indictment for violation of the White Slave Traffic Act, or Mann Act,[2]

assigning numerous claims of prejudicial error. We fail to find merit in any ground of the appeal and affirm.

Error by the trial judge is asserted in the following respects:

(a) Refusal to permit appellant's counsel to conduct a separate voir dire examination of the prospective jurors;

(b) Failure to exclude the testimony of certain government witnesses, motel employees and others, as to prostitution activities of the "victim" and other alleged prostitutes as being unnecessarily redundant and prejudicial corroboration of the "victim's" testimony regarding her activities and those of the appellant as a "pimp";

(c) Rulings limiting cross-examination of the claimed "victim" as unduly restrictive, and violative of the Sixth Amendment Right of Confrontation;

(d) Permitting the rehabilitation of a government witness who was allowed to change his testimony on redirect examination to reflect that an event occurred in 1971 rather than 1970 as originally stated by the witness;

(e) The trial court's unwarranted statement, in overruling defense objections to a question by the prosecuting attorney "We want the facts, the truth, that is what we are searching for," and in explaining his ruling "I want to get to the truth", as inferring that the defendant on trial was trying to hide the truth;

(f) Refusal to charge the jury that the defendant's wife could testify against him, even though the wife was not present at the trial;

(g) Denials of motions to dismiss the indictment and for judgment of acquittal at the close of all the evidence, on the ground of lack of proof of motive and intent in causing the interstate transportation involved;

1. Directed by the sentencing trial judge to be served concurrently with a prior two year sentence imposed by another judge for a separate federal felony in the same district.

2. Title 18, U.S.C. Sec. 2421.

(h) Permitting certain rebuttal evidence to be received;

(i) Permitting a reference to the statute involved as the "Slavery Statute" by the prosecution's opening statement;

(j) Permitting references to grand jury testimony by an F.B.I. witness;

(k) Permitting the investigating F.B.I. special agent to sit at counsel table during the trial;

(l) Variance between the allegation in the indictment of interstate transportation "from Alexandria, Louisiana to Longview, Texas" and the proof of a journey between the same places broken by intermediate stops at Eunice, Louisiana and at Midland and Wichita Falls, Texas;

(m) And finally, error by the jury in "rendering a verdict of guilty in that the verdict is not supported by the evidence."

As to a number of the claimed errors, no objection was made when they occurred, so as to permit the trial judge to remedy the asserted prejudice, and further so as to permit our review. None rise to the level of "plain error". F.R. Crim.P. Rule 52(b).

■■ As to others, typically the conduct of the voir dire examination of potential jurors, the extent of cross-examination and the like, we think that they involve matters clearly within the trial court's wide discretion in the conduct of a criminal trial.

■ As to the remaining assignments we make these brief comments. There was no variance. The trial was conducted in an atmosphere of patience, impartiality and strict fairness with any rare admonition to counsel that "We want the facts" or "We want the truth" and the like evoked by the nature and the tenor of defense counsel's objections. The case was submitted to the jury under ample and fair instructions. Finally the evidence, viewed in the light most favorable to the government, Glasser v.

United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704, amply supported the verdict.

The judgment appealed from is right. Affirmed.